# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | | |
|---|---|---|
| APRIL D. GLENN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CV-45 (LAG) |
| | : | |
| ANGIE L. CHILDRESS, and the UNITED | : | |
| STATES OF AMERICA, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Defendant United States of America's Motion to Partially Dismiss the Complaint (Motion). (Doc. 9). For the reasons below, Defendant's Motion is **GRANTED**.

## BACKGROUND

Plaintiff April D. Glenn initiated this action against Defendants Angie L. Childress and United States of America (United States) on March 17, 2025. (Doc. 1). Plaintiff was in a car accident with a United States Postal Service (USPS) vehicle driven by Defendant Childress on November 15, 2023. (Doc. 2 at ¶¶ 9–10). Plaintiff brings the following claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. (FTCA): negligence against Defendant Childress (Count I); vicarious liability against Defendant United States (Count II); and direct liability against Defendant United States (Count III). (*Id.* ¶¶ 8–33). On August 11, 2025, Defendant filed a Motion to Partially Dismiss the Complaint, seeking to "dismiss Plaintiff's Complaint insofar as Plaintiff has included Angie L. Childress as a named defendant." (Doc. 9). Plaintiff did not respond.[1] (*See* Docket) The Motion is now ripe for review. *See* M.D. Ga. L.R. 7.3.1(a).

---

[1] Even if a plaintiff fails to respond to a motion to dismiss, "that failure does not amount to a waiver of her position that her complaint stated a plausible claim, provided that the district court 'considered the merits' of [the movant's] arguments and 'relied on them in granting the motion to dismiss.'" *See Gray v. Rooms*

## STANDARD OF REVIEW

Defendant United States brings its Motion pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss for failure to state a claim questions the legal sufficiency of a complaint. *Bates v. U.S. Gov't*, 3 F. Supp. 3d 1311, 1317 (S.D. Ala. 2014) (citations omitted). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," but the same liberal reading does not apply to legal conclusions. *Anderson*, 17 F.4th at 1344–45 (first citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); and then citing *Iqbal*, 556 U.S. at 678). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

A Rule 12(b)(6) motion to dismiss challenges the Court's subject matter jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). The motion "can be based on either a facial or a factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff

---

*To Go Furniture Corp. of Georgia*, No. 5:24-CV-00227-TES, 2024 WL 4871727, at *1 (M.D. Ga. Nov. 22, 2024) (quoting *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1337 (11th Cir. 2022)) (citation omitted). "Accordingly, [Defendant United States'] arguments must still be considered[.]" *Id.*

has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529) (citation omitted). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Lawrence*, 919 F.2d at 1529 (citation omitted). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citation omitted).

## DISCUSSION

"It is well-settled that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued.' " *Monzon v. United States,* 253 F.3d 567, 570 (11th Cir.2001) (quoting *Mid–South Holding Co. v. United States,* 225 F.3d 1201, 1203 (11th Cir. 2000)). "The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims," allowing individuals to sue the government "under certain circumstances." 28 U.S.C. 1346(b); *Dalrymple v. United States,* 460 F.3d 1318, 1324 (11th Cir. 2006) (citing *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir. 1994)). "However, when a plaintiff fails to satisfy the statutory requirements for maintaining suit under the FTCA, the district court lacks subject matter jurisdiction and dismissal is appropriate." *Bates v. U.S. Gov't*, 3 F. Supp. 3d at 1317 (citing *Dalrymple,* 460 F.3d at 1324, 1326).

Moreover, "the FTCA authorizes claims only against the United States." *Trupei v. United States,* 304 Fed. Appx. 776, 782 (11th Cir. 2008) (first citing 28 U.S.C. § 2679(b)(1); and then citing *Galvin v. Occupational Safety and Health Admin.,* 860 F.2d 181, 183 (5th Cir. 1988)); *see also Bates*, 3 F. Supp. 3d at 1317–18; *Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016); *Hart v. United States Postal Service*, Case No. 1:19-cv-3977, 2020 WL 13539131, at *2 (N.D. Ga. Mar. 27, 2020). Thus, in an FTCA action, a Plaintiff must only bring claims against "the United States, and not the responsible agency or employee[.] *Galvin*, 860 F.2d at 183.

Here, Plaintiff has brought this FTCA action against Defendants Childress and United States. The FTCA, however, does not authorize suits against federal employees

3

such as Defendant Childress. Thus, the United States is the only proper defendant in this case. "Therefore, because this Court lacks jurisdiction over the claims asserted against [Defendant Childress] in this matter," the Court must dismiss the claim asserted against her—Count I. *See Bates*, 3 F. Supp. 3d at 1318.

## CONCLUSION

Accordingly, Defendant United States' Motion (Doc. 9) is **GRANTED**. Count I of the Complaint (Doc. 2) is **DISMISSED**.

**SO ORDERED**, this 2nd day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**